IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CV-252-D

| | |
|---|---|
| SONIA I. WRIGLESWORTH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| ROBERT M. SPEER, Secretary, U.S. | ) |
| Department of the Army, | ) |
| | ) |
| Defendants. | ) |

On May 24, 2017, Sonia I. Wriglesworth ("Wriglesworth" or "plaintiff") filed a pro se employment discrimination complaint against Robert M. Speer, the Secretary of the Army ("Speer" or "defendant") [D.E. 1]. On November 8, 2017, Speer moved to dismiss Wriglesworth's complaint for lack of subject-matter jurisdiction and failure to state a claim [D.E. 12] and filed a memorandum in support [D.E. 13]. On January 8, 2018, Wriglesworth responded in opposition [D.E. 17]. As explained below, the court grants Speer's motion to dismiss.

I.

Wriglesworth is a familiar litigant. On June 28, 2017, this court dismissed Wriglesworth's complaint against Secretary of the Army, Eric Fanning, which contained nearly identical allegations to the current complaint. See Wriglesworth v. Fanning, No. 5:16-CV-686-D, 2017 WL 2819771, at *2–3 (E.D.N.C. June 28, 2017) (unpublished). Wriglesworth is a former employee of the Department of the Army ("the Army"). See Compl. [D.E. 1] ¶ 5. On April 4, 2016, Wriglesworth filed an Equal Employment Opportunity ("EEO") complaint against the Army and alleged retaliation for earlier EEO complaints. See id. ¶¶ 6–7; [D.E. 1-1]. The alleged retaliation included

procedural irregularities in investigating and processing her earlier EEO complaints. See [D.E. 1-1]. On April 12, 2016, the Army rejected Wriglesworth's EEO complaint. See Compl. ¶ 14; [D.E. 1-2]. On May 6, 2016, Wriglesworth appealed the Army's dismissal to the Equal Employment Opportunity Commission ("EEOC"). See Compl. ¶¶ 15–16; [D.E. 1-3, 1-4]. On July 28, 2016, the EEOC affirmed the Army's dismissal of the EEO complaint. See Compl. ¶ 18; [D.E. 1-6]. On August 29, 2016, Wriglesworth asked the EEOC to reconsider. See Compl. ¶ 19; [D.E. 1-7]. On February 24, 2017, the EEOC denied reconsideration. See Compl. ¶ 20; [D.E. 1-8].

On May 24, 2017, Wriglesworth sued Speer [D.E. 1]. Wriglesworth alleges that Colonel Edye Moran, Timothy Johnson, and Major General Luis Visot gave untruthful testimony at a U.S. Merit Systems Protection Board hearing, and did so in retaliation for Wriglesworth's EEO complaints. See Compl. ¶¶ 7–13. The complaint seeks judicial review of "all issues in [the EEOC] discrimination complaint" and cites Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"). See Compl. ¶¶ 2, 22.

A motion to dismiss under Rule 12(b)(6) tests a complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–80, 684 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554–63 (2007); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). To withstand a Rule 12(b)(6) motion, a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quotation omitted); see Twombly, 550 U.S. at 570; Giarratano, 521 F.3d at 302. In considering the motion, the court must construe the facts and reasonable inferences "in the light most favorable to the [nonmoving party]." Massey v. Ojaniit, 759 F.3d 343, 347, 352–53 (4th Cir. 2014); see Clatterbuck v. City of Charlottesville, 708 F.3d 549, 557 (4th Cir. 2013), abrogated on other grounds by Reed v. Town of Gilbert, 135 S. Ct. 2218 (2015). A court need not accept as true a complaint's legal conclusions, "unwarranted

2

inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 678-79. Rather, a plaintiff's allegations must "nudge[ ] [her] claims," Twombly, 550 U.S. at 570, beyond the realm of "mere possibility" into "plausibility." Iqbal, 556 U.S. at 678-79. "[N]aked assertions of wrongdoing," devoid of "factual enhancement," cannot "cross the line between possibility and plausibility of entitlement to relief." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quotations omitted). A plaintiff armed with nothing more than "labels and conclusions," or "a formulaic recitation of the elements of a cause of action," cannot proceed into the litigation process. Twombly, 550 U.S. at 555; see Francis, 588 F.3d at 193.

A legally sufficient complaint must meet the standards of Federal Rule of Civil Procedure 8. See Francis, 588 F.3d at 192. Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(a)(2) exists to ensure that defendants have adequate notice of the nature of the claims against them. See, e.g., Francis, 588 F.3d at 192.

The standard used to evaluate the sufficiency of a pleading is flexible, "and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not "undermine [the] requirement that a pleading contain 'more than labels and conclusions.'" Giarratano, 521 F.3d at 304 n.5 (quoting Twombly, 550 U.S. at 555); see Iqbal, 556 U.S. at 677-83; Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Nemet Chevrolet Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255-56 (4th Cir. 2009); Francis, 588 F.3d at 193. Although a court must liberally construe a pro se plaintiff's allegations, it "cannot ignore a clear failure to allege facts" that set forth a cognizable claim. Johnson v. BAC Home Loans Servicing, LP, 867 F. Supp. 2d 766, 776 (E.D.N.C. 2011);

3

see Giarratano, 521 F.3d at 304 n.5. "The 'special judicial solicitude' with which a district court should view . . . pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed." Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990). Every party—pro se or otherwise—must comply with the Federal Rules of Civil Procedure. See Iqbal, 556 U.S. at 678; Baldwin Cty. Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984) (per curiam).

When evaluating a motion to dismiss, a court considers the pleadings and any materials "attached or incorporated into the complaint." E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011); see Fed. R. Civ. P. 10(c); Thompson v. Greene, 427 F.3d 263, 268 (4th Cir. 2005). A court also may take judicial notice of public records without converting the motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

Wriglesworth apparently brings her claim under 42 U.S.C. § 2000e-16(c), which allows an employee who has filed an EEO complaint "if aggrieved by the final disposition of his complaint . . . [to] file a civil action as provided in section 2000e-5 of this title, in which civil action the head of the department . . . shall be the defendant." 42 U.S.C. § 2000e-16(c). Wriglesworth, however, merely alleges "that the EEOC erred by affirming the [Army's] final decision of dismissal and by denying reconsideration[,]" and that three witnesses perjured themselves at a Merit Systems Protection Board hearing in retaliation for her EEO complaints. See Compl. ¶¶ 8–13, 21. Even if Wriglesworth could bring a claim against the Army based on the EEOC's alleged errors, she has not plausibly alleged that the EEOC erred or that the Army caused the EEOC to err.

To the extent Wriglesworth attacks how the Army processed her EEOC complaint, "Title

4

VII does not provide an implied cause of action permitting a plaintiff to challenge procedural deficiencies in an agency's handling of an EEO complaint.... [W]hen there have been procedural irregularities in [a federal employer's] handling of an employee's EEO complaint, the employee does not have a right under Title VII to file a separate procedural claim, but must seek redress for the alleged discrimination by filing a substantive claim to be adjudicated de novo in the district court." Nielsen v. Hagel, 666 F. App'x 225, 232 (4th Cir. 2016) (unpublished) (citations omitted); see Jordan v. Summers, 205 F.3d 337, 342 (7th Cir. 2000). Thus, Wriglesworth fails to state a claim.

To the extent Wriglesworth seeks to pursue a retaliation claim against the Army under Title VII, she has failed to state a claim upon which relief may be granted. To establish a retaliation claim, a plaintiff must prove that (1) she engaged in a protected activity under Title VII, (2) her employer took action against her that a reasonable employee would find materially adverse, and (3) her employer took the adverse action because of the protected activity. See Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 67–70 (2006); DeMasters v. Carilion Clinic, 796 F.3d 409, 416 (4th Cir. 2015); Boyer-Libero v. Fontainbleau Corp., 786 F.3d 264, 281 (4th Cir. 2015) (en banc); Balas v. Huntington Ingalls Indus., Inc., 711 F.3d 401, 410 (4th Cir. 2013). "Retaliation claims . . . require the employee to show that retaliation was a but-for cause of a challenged adverse employment action." Guessous v. Fairview Prop. Inv., LLC, 828 F.3d 208, 217 (4th Cir. 2016) (quotation and citation omitted); see Huckelba v. Deering, No. 5:16-CV-247-D, 2016 WL 6082032, *3 (E.D.N.C. Oct. 17, 2016) (unpublished). "Naked allegations of a causal connection between plaintiff's protected activity and the alleged retaliation do not state a plausible Title VII claim." Huckelba, 2016 WL 6082032 at *3.

Wriglesworth's complaint alleges that three Army employees gave false testimony during

5

a Merit Systems Protection Board hearing in retaliation for Wriglesworth's prior EEO complaints. See Compl. ¶¶ 8–13. The complaint, however, contains no facts supporting the allegation that the testimony was false or that Wriglesworth's EEO complaints were the but-for cause of the allegedly false testimony. Thus, Wriglesworth has not plausibly alleged a retaliation claim. See Iqbal, 556 U.S. at 678–79; Francis, 588 F.3d at 193.

II.

In sum, Speer's motion to dismiss [D.E. 12] is GRANTED, and the complaint is DISMISSED without prejudice.

SO ORDERED. This 25 day of April 2018.

A. Dever<br>
JAMES C. DEVER III<br>
Chief United States District Judge