IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CV-252-D

| | |
|---|---|
| SONIA I. WRIGLESWORTH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ROBERT M. SPEER, Secretary, U.S. ) | |
| Department of the Army, ) | |
| ) | |
| Defendant. ) | |

On April 25, 2018, the court dismissed Sonia I. Wriglesworth's ("Wriglesworth") complaint without prejudice [D.E. 18] and closed the case. See [D.E. 19]. On June 22, 2018, Wriglesworth requested leave to file an amended complaint [D.E. 20]. On July 30, 2018, the court construed her filing as a motion for reconsideration and denied it under the applicable standard [D.E. 21]. On August 9, 2018, Wriglesworth moved for reconsideration of that denial [D.E. 22].[1]

The court has considered Wriglesworth's motion for reconsideration under the governing standard. See Fed. R. Civ. P. 59(e); Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007); Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005); Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 653 (4th Cir. 2002); Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998); Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). Wriglesworth's motion lacks merit. Because the court had dismissed Wriglesworth's complaint, Wriglesworth could not amend that complaint. See Calvary Christian Ctr. v. City of Fredericksburg, 710 F.3d 536, 539 (4th Cir. 2013)

---

[1] On September 27, 2018, Wriglesworth appealed this court's order of April 25, 2018, to the United States Court of Appeals for the Fourth Circuit [D.E. 23]. The appeal remains pending.

("We have repeatedly held that a motion to amend filed after a judgment of dismissal has been entered cannot be considered until the judgment is vacated."); Katyle v. Penn Nat'l Gaming, Inc., 637 F.3d 462, 470–71 (4th Cir. 2011); Laber v. Harvey, 438 F.3d 404, 427–28 (4th Cir. 2006) (en banc). Accordingly, because Wriglesworth is a pro se litigant, the court construed Wriglesworth's first motion as a motion for reconsideration. Cf. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

Even construing Wriglesworth's filing of June 22, 2018, as a motion for leave to amend under Federal Rule of Civil Procedure 15(a), Wriglesworth's proposed complaint would be futile. The proposed amended complaint, like Wriglesworth's original complaint, fails to state a plausible claim. See [D.E. 18]; Katyle, 637 F.3d at 470–71; Hart v. Hanover Cty. Sch. Bd., 495 F. App'x 314, 315–16 (4th Cir. 2012) (per curiam) (unpublished table decision); cf. Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (noting that Erickson does not "undermine [the] requirement that a pleading contain more than labels and conclusions" (quotation omitted)). Thus, Wriglesworth's motion for reconsideration lacks merit.

In sum, the court DENIES Wriglesworth's motion for reconsideration [D.E. 22]. The case remains closed.

SO ORDERED. This 19 day of March 2019.

JAMES C. DEVER III
United States District Judge

2